Nicholson, O. J.,
delivered the opinion of the court.
Plaintiffs, who are the heirs of R. B. West, bring this action of ejectment against Jos. Elledge to recover a tract of land of 1,000 acres, situated in Marion county. Plaintiffs claim under a grant from the .State of Tennessee, dated in February, 1849, to R. B. West, their ancestor. After plaintiffs had read their grant, and proved that the 1,000 acres claimed by defendant was within the boundaries of their grant, they rested their case. Defendant then read his grant from the State, dated in August, 1849. He then read, over the objection of plaintiffs, the entry on which the grant of plaintiffs’ ancestor was founded, as follows:
[Copy of Entry No. 1519.]
“Sam’1 B. Mitchell, Wm. Anderson and John Cunningham jointly entered 5,000 acres of land in Marion county, on Cumberland Mountain, on the Fiery Gizzard, beginning on a white oak, thence running east, thence south for complement, excluding all other claims. William Anderson, locater.”
“Nov. 25, 1836.”*
Defendant then read the entry on which the grant under which he claimed was founded, as follows:
[Copy of Entry No. 1683.]
“Andrew Anderson entered 1,000 acres of land, lying in Marion county, on the top of Cumberland Mountain, in the Horse Shoe, beginning on a hickory, and thence east, thence south, thence west, thence north to the beginning.
“Dec. 25, 1837. Peter Anderson, locater.”
*611 Defendant proved by several witnesses that the Horse Shoe was a place of notoriety, and had been for many years, and that they never heard of any other place by that name in Marion county. They prove that there are several Fiery Gizzard creeks, which unite some eight miles below the Horse Shoe, and from where they unite it is called the Big Fiery Gizzard. •
Plaintiff introduced two or three witnesses who testified that there was a place of notoriety in Marion county called the Horse Shoe, on Cumberland Mountain, on the headwaters of Little Sequatchie. These witnesses never heard, of the other Horse Shoe.
The Circuit Judge (Chancellor Key) charged the jury as follows: “The court charges you that the •entry upon ¡vaich plaintiffs’ grant is founded is vague and void, and the case stands as though plaintiffs claimed under no entry. The -court is of opinion, and charges you, that plaintiffs’ grant describes the land embraced by it with sufficient specialty, and the grant is valid; but as plaintiffs’ entry is void, their grant does not relate thereto, but the title takes effect from the date of the grant. The court is of opinion, and charges, that the entry upon which defendant’s grant is predicated is special and valid, if such natural objects as it mentions are known and notorious, so that one acquainted with the region would know from the description 'where the lands are. Defendant’s grant being founded on such entry, relates back to it; and if defendant’s entry is older than plaintiffs’ grant, defendant’s title is superior to plaintiffs’, though *612 plaintiffs’ grant may be older than. defendant’s grant, because defendant’s entry is special and valid.”
The jury found a verdict for defendant. Plaintiffs have appealed.
It is objected that the court erred in allowing the defendant to introduce the entry on which plaintiffs’ grant rested, fop the purpose of showing that it was not such special or legal entry as would authorize plaintiffs to deraign their title from the date of their entry. They had introduced their grant, which, on its face, purported to be based upon Entry No. 1519. Prima faoie, their title would relate back to the date of that entry, but they chose to rest upon their grant alone. It was clearly competent for the defendant, who • proposed to contest plaintiffs’ title by relying upon his own entry, which was older than plaintiffs’ grant, to rebut the prima faoie character of the recitals in plaintiffs’ grant, by showing that the entry recited as its basis was void for vagueness. This could be done in no way as well as by introducing the entry itself. There was no error in permitting defendant to introduce plaintiffs’ entry.
It is manifest that plaintiffs’ entry was void for vagueness. The judge laid down the rule well established for testing the validity of an entry — that is, that the entry upon its face must contain, such a definite description of the land appropriated, by reference either to the natural features or to artificial monuments, as to ' enable subsequent enterers to identify and ascertain its locality and boundaries. Parrish v. Cummins, 11 Hum., 209. The proof is, that there *613 are three or four little Fiery Gizzard creeks, which unite and form the Big Fiery Gizzard, at a distance of about eight miles from the land in controversy. The .beginning corner is “on the Fiery Gizzard, on a white oak,” but on which of the several little Gizzards, or whether on either, or on the Big Gizzard, there is nothing in the entry to determine the question, nor is there anything in the parol evidence to remove the difficulty. The description of the land ■entered is, “1,000 acres in Marion county, on the top of Cumberland Mountain, in the Horse Shoe, beginning on a hickory,” etc. Here are two distinct and •definite natural objects called for — the top. of the Cumberland Mountain and in the Horse Shoe. T.he parol evidence shows that the Horse Shoe is a well known and notorious place on the top of the Cumberland Mountain. We see in the reference to these natural features of the county, and this notorious place called the Horse Shoe, as it is described in the evidence, that' subsequent enterers would be enabled to identify and ascertain the locality and boundaries of the defendant’s entry. It was therefore a special or legal entry, as held by the Circuit Judge, and defendant had a right to rely upon its date as the real date ■of his title.
The charge of the Judge is remarkable for the •clearness, conciseness and correctness with which the law governing the question involved was given to the jury. We find no error in it, and affirm the judgment.